PETER A. WALKER (PW-7984)
ALYSA M. BARANCIK (AB-1272)
LORI M. MEYERS (LM-1913)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Tel. (212) 218-5500

JAMES R. DEVITA (JD-5659)
Schoeman Updike Kaufman & Scharf
60 East 42nd Street
New York, New York  10165
Tel. (212) 661-5030

Attorneys for Defendants Accenture LLP,
Accenture Inc., and Accenture LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ROBERT ARROYO, | : | Case No.: 10 Civ. 3013 (JSR) |
| | : | |
| Plaintiff, | : | **ECF Case** |
| | : | |
| vs. | : | **ANSWER AND AFFIRMATIVE** |
| | : | **AND OTHER DEFENSES TO** |
| ACCENTURE LLP, ACCENTURE INC., | : | **CLASS ACTION COMPLAINT** |
| ACCENTURE LLC, and ACCENTURE LTD., | : | |
| | : | |
| Defendants | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Defendants Accenture LLP ("Accenture"), Accenture Inc., and Accenture LLC

(collectively, "Accenture" or "Defendants")[1], by and through their attorneys, Seyfarth Shaw LLP

and Schoeman Updike Kaufman & Scharf, file this answer and affirmative and other defenses to

Plaintiff Robert Arroyo's ("Plaintiff") Class Action Complaint ("Complaint"):

---

[1] Accenture Ltd was liquidated prior to this case.

## STATEMENT OF THE CASE

### COMPLAINT ¶ 1:

Accenture, one of the largest management consulting firms in the world, rejects job applicants and terminates employees with criminal records, even where the criminal history of particular individuals, such as Mr. Arroyo, has no bearing on the their fitness or ability to perform the job.  Because this practice perpetuates gross racial and ethnic disparities in the criminal justice system, it is unlawful under the Civil Rights Act of 1964.

### ANSWER:

To the extent paragraph 1 of the Complaint asserts purely legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint, except deny knowledge or information sufficient to form a belief regarding what, if any, employment practices "perpetuate[] gross racial and ethnic disparities in the criminal justice system," and further deny knowledge of information that there are any "gross racial and ethnic disparities in the criminal justice system," in particular arising from the crime committed by plaintiff and admit that Accenture is a global management consulting, technology services, and outsourcing company.

### PARTIES

### COMPLAINT ¶ 2:

Plaintiff Roberto J. Arroyo is a Latino citizen of the United States, presently residing in Morristown, New Jersey.  He has a bachelor's degree in computer science from the New Jersey Institute of Technology and has excelled in his career as an information technology professional. He served with distinction in the United States Navy during Desert Storm.  Mr. Arroyo worked for Accenture as a contract employee in its Murray Hill, New Jersey office from November 2005 to April 2007.  In April 2007, Accenture offered him permanent employment subject only to the results of a background check.  On April 17, 2007, Accenture withdrew its job offer and terminated Mr. Arroyo's employment as a contract worker based on a prior conviction that had no bearing on his ability or fitness to continue the work he had already been performing for 17 months.

### ANSWER:

Defendants deny the allegations contained in paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief regarding the allegations that Plaintiff "is a

Latino citizen of the United States, presently residing in Morristown, New Jersey" and "has excelled in his career as an information technology professional"; and that Plaintiff served with distinction in the United States Navy during Desert Storm, but admit that a background check indicated that Plaintiff "has a bachelor's degree in computer science from the New Jersey Institute of Technology"; and further admit that Plaintiff worked as an independent contractor in the Technical Support Department of Accenture's Murray Hill, New Jersey office from November 2005 to approximately April 2007, that Accenture made a contingent offer of employment to Plaintiff in or about April 2007 subject to the results of a background check, and that Accenture withdrew its contingent offer on or about April 18, 2007.

**COMPLAINT ¶ 3:**

Upon information and belief, Defendants maintain control, oversight, and direction over the operation of the office in which Plaintiff worked, including the background screening practices therein.

**ANSWER:**

Defendants admit the allegations contained in paragraph 3 of the Complaint.

**COMPLAINT ¶ 4:**

Defendant Accenture, [sic] LLP is an Illinois limited liability partnership.  At all times relevant to this complaint, Accenture LLP has engaged in business affecting commerce, has employed more than 15 employees, and has been an employer within the meaning of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant to this complaint," and admit the remaining allegations contained in paragraph 4 of the Complaint.

**COMPLAINT ¶ 5:**

Defendant Accenture Inc. is a Delaware corporation.  At all times relevant to this complaint, Accenture Inc. has engaged in business affecting commerce, has employed more than 15 employees, and has been an employer within the meaning of Title VII.

**ANSWER:**

Defendants deny the allegations contained in paragraph 5 of the Complaint, except deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant to this complaint," and admit that Accenture Inc. is a Delaware corporation.

**COMPLAINT ¶ 6:**

Defendant Accenture LLC is a Delaware limited liability company.  At all times relevant to this complaint, Accenture Inc. [sic] has engaged in business affecting commerce, has employed more than 15 employees, and has been an employer within the meaning of Title VII.

**ANSWER:**

Defendants deny the allegations contained in paragraph 6 of the Complaint, except deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant to this complaint," and admit that Accenture LLC is a Delaware limited corporation.

**COMPLAINT ¶ 7:**

Defendant Accenture Ltd., incorporated in Ireland, is the parent company of Defendant Accenture LLP, Accenture Inc. and Accenture LLC.  At all times relevant to this complaint, Accenture Inc. [sic] has engaged in business affecting commerce, has employed more than 15 employees, and has been an employer within the meaning of Title VII.

**ANSWER:**

Defendants deny the allegations contained in paragraph 7 of the Complaint.

**COMPLAINT ¶ 8:**

Accenture was formerly known as Arthur Anderson.  Accenture does not indentify a headquarter office, instead describing itself as a global corporation.  The Company does have several major "hub offices."  Accenture's New York Metro Hub, which encompasses the Murray Hill office and others, is located at 1345 Avenue of the Americas in Manhattan.

**ANSWER:**

Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit

that Accenture's New York Metro Hub encompasses the Murray Hill office.  The New York City

office is located at 1345 Avenue of the Americas in Manhattan.

**JURISDICTION AND VENUE**

**COMPLAINT ¶ 9:**

The court has jurisdiction under 28 U.S.C. § 1331 as this claim arose under the
Constitution, laws, or treaties of the United States and under § 717 of Title VII, 42 U.S.C. §
2000e-16(c).

**ANSWER:**

To the extent that paragraph 9 of the Complaint states purely legal conclusions, no

response is required, except that Defendants admit that this Court has jurisdiction.

**COMPLAINT ¶ 10:**

Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because Accenture's
Murray Hill, New Jersey office where Mr. Arroyo worked is part of the Company's New York
Metro Hub in Manhattan.  Upon information and belief, the decision not to hire Mr. Arroyo
based on his conviction record and/or the policy on employee background screening that led to
the decision emanates from the Company's Manhattan office.

**ANSWER:**

To the extent that paragraph 10 of the Complaint states purely legal conclusions, no

response is required.  To the extent that a response is required, Defendants deny the allegations

of paragraph 10 of the Complaint except admit that Plaintiff worked in the Murray Hill, New

Jersey office of Accenture.

**PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS**

**COMPLAINT ¶ 11:**

Plaintiff has satisfied the procedural and administrative requirements for proceeding
under Title VII.  On November 26, 2007, Plaintiff filed a timely written Charge of
Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  On
January 8, 2010, the EEOC issued a right to sue letter to Plaintiff, which was received on January

5

13, 2010.  Plaintiff will have commenced this action within 90 days of his receipt of the notice of right to sue.

**ANSWER:**

To the extent that paragraph 11 of the Complaint states purely legal conclusions, no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to when Plaintiff received a right to sue letter from the EEOC; admit, upon information and belief, that Plaintiff filed a Charge of Discrimination dated November 26, 2007 with the EEOC on or about November 26, 2007; and admit that the EEOC issued a right to sue letter dated January 8, 2010, and that Plaintiff filed this lawsuit within 90 days of January 8, 2010.

## BACKGROUND

**COMPLAINT ¶ 12:**

Arrest, conviction, and incarceration rates of African Americans and Latinos far exceed those of whites nationwide.  According to the U.S. Department of Justice, almost 17% of adult black males and almost 8% of Latino males have been incarcerated.  By contrast, only 2.6% of white males have been incarcerated.  While African Americans make up approximately 13% of the population, they account for approximately 28% of arrests and 38% of felony convictions in state courts around the country.  Latinos are well over two times more likely than non-Latino whites to be arrested.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to allegations contained in paragraph 12 of the Complaint.

**COMPLAINT ¶ 13:**

As a result of these statistical disparities, restrictions on hiring individuals with criminal records have a far more severe effect on African Americans and Latinos than on whites.  In other words, policies such as Accenture's effectively import the discrimination present in the criminal justice system into the employment sector.  This discriminatory denial of employment affects not only the individuals who are rejected or terminated, but also their families and entire communities.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to allegations contained in paragraph 13 of the Complaint, except deny that any of Defendants' policies perpetuate any discrimination, and particularly the discrimination alleged in paragraph 13 of the Complaint, and further deny knowledge or information sufficient to form a belief as to discrimination in the criminal justice system, in particular arising from the crime committed by Plaintiff .

**COMPLAINT ¶ 14:**

For decades, the Supreme Court and the EEOC have recognized that overly broad restrictions on hiring individuals with criminal records are discriminatory and illegal under Title VII of the Civil Rights Act.  That law requires that where significant racial disparatity exists, the use of criminal history can be considered only where the employer can prove that the particular crime at issue is related to the particular job in question, and that denial of the position is necessary for the employer to conduct its business.  Likewise, the federal government's Uniform Guidelines on the Use of Employee Selection Procedures mandates that any selection procedure having an adverse racial impact on hiring or employment will be deemed discriminatory unless it has been validated as job-related and consistent with business necessity.

**ANSWER:**

To the extent that paragraph 14 of the Complaint asserts purely legal conclusions, no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to allegations contained in paragraph 14 of the Complaint.

**COMPLAINT ¶ 15:**

In this context, an employer must consider the nature and gravity of the offense, the time that has passed since the offense, and the nature of the job in question.  The employer also must establish that there is no less discriminatory alternative to the way it uses applicants' and employees' criminal history.

12269189v.5

**ANSWER:**

To the extent that paragraph 15 of the Complaint asserts purely legal conclusions, no response is required.  To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to allegations contained in paragraph 15 of the Complaint.

**COMPLAINT ¶ 16:**

In this case, Accenture, a major publicly traded company employing hundreds of thousands of workers has no policy to guide its use of criminal background screening to safeguard against unfair and discriminatory employment practices.

**ANSWER:**

Defendants deny the allegations contained in paragraph 16 of the Complaint, and aver that its screening policies comply with applicable law.

**COMPLAINT ¶ 17:**

In addition to being unlawful, policies and practices that disqualify job applicants whose criminal history has [sic] no bearing on the their fitness or ability to perform the job are bad public policy.  The ability to find employment is an essential aspect of an ex-offender's re-entry into society.  Recidivism declines when ex-offenders have viable employment prospects and other stabilizing resources in their communities.  Accenture's policy of discriminating against individual's with criminal records frustrates such public policy objectives.  The Company is also losing good workers like Mr. Arroyo for no good reason.

**ANSWER:**

To the extent that paragraph 17 of the Complaint asserts purely legal conclusions, no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to allegations contained in paragraph 17 of the Complaint, except deny that any of Defendants' policies perpetuate any discrimination, and particularly the discrimination alleged in paragraph 17 of the Complaint.

12269189v.5

## PLAINTIFF'S FACTUAL ALLEGATIONS

**COMPLAINT ¶ 18:**

In November, 2005, Mr. Arroyo was placed by an employment agency to work for Accenture as an analyst in its technical support department in their Murray Hill, New Jersey office.  Mr. Arroyo provided technical support to Accenture on a full-time basis for 17 months.

**ANSWER:**

Defendants deny the allegations contained in paragraph 18 of the Complaint, except admit that in November 2005, Plaintiff was placed by an employment agency to work at Accenture as an Analyst in its Technical Support Department in its Murray Hill, New Jersey office, and that Plaintiff provided technical support to Accenture on a full-time basis for approximately 17 months.

**COMPLAINT ¶ 19:**

During this time, Plaintiff worked long hours and took almost no time off to the benefit of Accenture and its clients.  He was a conscientious, effective, and well-liked employee.  His job performance was excellent.

**ANSWER:**

Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that Plaintiff, in his capacity as an independent contractor, was a competent worker and was well-liked.

**COMPLAINT ¶ 20:**

Mr. Arroyo was supervised by an Accenture employee, Rory Cupen.  Mr. Cupen was so impressed with Plaintiff's excellent work performance and reliability that he advised Mr. Arroyo to apply for a permanent position as a technical support analyst.  The position's duties and responsibilities were the same or substantially the same as the work he had already been doing for Defendants.  In March 2007, Mr. Arroyo applied for the job, was given several interviews, and received a contingent offer of employment pending a background check.  At no point during this process did Accenture ask Mr. Arroyo whether he had any criminal history.

**ANSWER:**

  Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that in March 2007, Plaintiff applied for the position of Technical Support Analyst, was given a screening interview by Marsha Chisolm and two additional interviews with Jennifer Dickinson and Susan Ebel and received a contingent offer of employment pending a background check.

**COMPLAINT ¶ 21:**

  The background check on Mr. Arroyo revealed that he had one criminal event on his record; a ten year old conviction stemming from a car accident in which Mr. Arroyo had been driving while intoxicated.  In 1997, Mr. Arroyo made the mistake of drinking and driving.  He crossed the yellow line and accidentally hit an oncoming car.  The driver of that car tragically died in the collision.  Mr. Arroyo was convicted of vehicular homicide, and spent two and a half years in prison.  He deeply regrets the loss of life caused by his mistake, and he has succeeded in becoming a productive member of his community ever since then.  He has never committed any other crime.

**ANSWER:**

  Defendants deny knowledge or information sufficient to form a belief as to allegations contained in paragraph 21 of the Complaint, except admit that Plaintiff's background check revealed that Plaintiff received a felony conviction in 1998 for vehicular homicide and admit, upon information and belief, that Plaintiff spent two and one half years in prison.

**COMPLAINT ¶ 22:**

  As soon as Accenture learned of Mr. Arroyo's conviction, the company withdrew its offer and terminated his contractual placement.  On approximately April 17, 2007, Marsha Chisolm, a human resources representative on contract with Accenture, notified Mr. Arroyo that Accenture had rescinded its job offer because of Mr. Arroyo's criminal record.  Mr. Arroyo protested that his conviction had no relation to the job duties he had been performing so well for a year and a half, but Accenture's Human Resources representative told him that the decision was based on company-wide policy and was final.  On approximately April 18, 2007, Mr. Arroyo attempted to access his Accenture email and remote network connection but found that he had been locked out of the system.  Defendants' actions were particularly surprising since Mr. Arroyo had proven himself to be a successful worker who posed no risk to the company, and because he had disclosed his conviction to the placement agency, which also had performed a background check, prior to starting with Accenture.

**ANSWER:**

Defendants deny the allegations contained in paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief as to allegations regarding the content of the discussion on April 18, 2007 between Mr. Arroyo and Marsha Chisolm, a contract recruiter for Accenture.   Defendants further deny knowledge or information sufficient to form a belief as to allegations that  "[o]n approximately April 18, 2007, Mr. Arroyo attempted to access his Accenture email and remote network connection but found that he had been locked out of the system" and "Defendants' actions were particularly surprising since Mr. Arroyo had proven himself to be a successful worker who posed no risk to the company, and because he had disclosed his conviction to the placement agency, which also had performed a background check, prior to starting with Accenture," and admit that shortly after Accenture learned the results of Mr. Arroyo's background check, the company withdrew its contingent offer of employment and terminated his contractual placement.

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶ 23:**

Plaintiff brings his class allegations under to Fed. R. Civ. P. 23(a), and (b)(2) on behalf of a class defined as follows:  All Latino and African American persons who were denied employment or terminated based on their actual or presumed criminal background between January 30, 2007 and the date of judgment in this action (the "Class").

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action as a class action on behalf of the groups specified and authority set forth in paragraph 23, but deny that this action can proceed as a class action in any respect; that Plaintiff is an appropriate class representative, particularly as to any African American persons; that the alleged Class members satisfy the preconditions in Rule 23; and the other allegations in paragraph 23.

12269189v.5

**COMPLAINT ¶ 24:**

Plaintiff is a member of the Class.

**ANSWER:**

Defendants admit that Plaintiff purports to be a member of the group that he alleges

comprises the Class, but deny that this action can proceed as a class action in any respect and

that Plaintiff is an appropriate class representative, particularly as to any African American

persons.

**COMPLAINT ¶ 25:**

Upon information and belief, the members of the Class are so numerous that joinder of all
of them is impracticable.  Accenture has offices throughout the United States and employs over
180,000 people.  Plaintiff does not know the precise number of Class Members – this
information is in Accenture's possession.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to allegations

contained in paragraph 25 of the Complaint, except admit that Accenture has offices throughout

the United States and has approximately 30,000 employees based in the United States as of

March 31, 2010.

**COMPLAINT ¶ 26:**

There are questions of law and fact common to the Class, and these questions
predominate over any questions affecting only individual members.  Common questions include,
among others: (1) whether it is Accenture's policy or practice to reject job applicants or
terminate current employees based on their criminal records; (2) what screening parameters
Accenture uses to reject or terminate individuals based on their criminal records; (3) whether
Accenture's policy or practice to reject or terminate individuals based on their criminal records
has a disparate impact on Latino and African American applicants or employees; (4) whether
Accenture's policy or practice to reject or terminate individuals based on their criminal records is
job-related and consistent with business necessity; and (5) what equitable and injunctive relief
for the Class is warranted.

**ANSWER:**

To the extent that paragraph 26 of to Complaint asserts purely legal conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 26 of the Complaint.

**COMPLAINT ¶ 27:**

Plaintiff's claims are typical of the claims of the Class: (1) Plaintiff applied for a position at Accenture, where he had already been working for 17 months; (2) he was subjected to a background check, just as other Class members; (3) he was subjected to substantially the same screening device as other Class members; (4) the job offer was revoked after the background check revealed a criminal record; (5) Accenture terminated his contract employment; and (6) he has the same discrimination claim as other Class members based on disparate impact. All of these claims are substantially shared by each and every class member.

**ANSWER:**

To the extent that paragraph 27 of the Complaint alleges purely legal conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 27 of the Complaint.

**COMPLAINT ¶ 28:**

Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no conflict with any class member.  Plaintiff is committed to the goal of having Accenture revise its hiring policy and practice to eliminate its discriminatory impact on African American and Latino applicants and employees.

**ANSWER:**

To the extent that paragraph 28 of the Complaint alleges purely legal conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 27 of the Complaint; except deny knowledge or information sufficient to form a relief as to Plaintiff's commitments.

**COMPLAINT ¶ 29:**

Plaintiff has retained counsel competent and experienced in complex employment discrimination class actions.

**ANSWER:**

Upon information and belief, Defendants admit the allegations contained in paragraph 29 of the Complaint.

**COMPLAINT ¶ 30:**

Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Accenture has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.  The Class members are entitled to injunctive relief to end Accenture's common, uniform, unfair, and discriminatory policies and/or practices.

**ANSWER:**

Defendants deny the allegations contained in paragraph 30 of the Complaint.

<b>CLAIM FOR RELIEF<br>(Disparate Impact)<br>(Title VII of the Civil Rights Act of 1964,<br>42 U.S.C §§ 2000(e) <i>et seq</i>.)</b>

**COMPLAINT ¶ 31:**

Plaintiff incorporates by reference the allegations in all preceding paragraphs.

**ANSWER:**

Defendants restate and incorporate by reference its responses to the allegations in all preceding paragraphs.

**COMPLAINT ¶ 32:**

Plaintiff brings this claim on his own behalf and on behalf of the Class.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this claim on his own behalf and on behalf of the group that he alleges comprises the Class, but deny that this action can proceed as a class action in any respect.

**COMPLAINT ¶ 33:**

Defendants' policy and practice of denying employment opportunities based on applicants' criminal records harmed Plaintiff and the Class and constitutes unlawful race and/or national origin discrimination in violation of 42 U.S.C. §§ 2000 *et seq*.

**ANSWER:**

Defendants deny the allegations contained in paragraph 33 of the Complaint.

**COMPLAINT ¶ 34:**

Defendants' policy and practice of denying employment opportunities based on applicants' and employees' criminal records has a disparate impact on Latinos and African Americans, and is neither job-related nor consistent with business necessity.  Even if Defendants' policy and practice could be justified by business necessity, less discriminatory alternatives exist that would equally serve any alleged necessity.

**ANSWER:**

Defendants deny the allegations contained in paragraph 34 of the Complaint.

**COMPLAINT ¶ 35:**

Plaintiff and the Class have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief.  Plaintiff and the Class he seeks to represent are now suffering, and will continue to suffer, irreparable injury from Defendants' discriminatory acts and omissions.

**ANSWER:**

Defendants deny the allegations contained in paragraph 35 of the Complaint.

**COMPLAINT ¶ 36:**

Defendants' conduct has caused, and continues to cause, Plaintiff and the members of the Class substantial losses in earnings and other employment benefits.

**ANSWER:**

Defendants deny the allegations contained in paragraph 36 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff or any of the putative class members are entitled to any of

the relief sought in the WHEREFORE clause, or otherwise.

12269189v.5

Unless and to the extent expressly admitted herein, Defendants deny each and every allegation in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.  Defendants further aver that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defenses, and thus expressly reserve their right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

### FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted against Defendants, either on his own behalf or on behalf of those persons whom he purports to represent, or to whom he purportedly is similarly situated.

### SECOND DEFENSE

Some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the applicable statute(s) of limitations.

### THIRD DEFENSE

Plaintiff's and/or the putative class members' claims are barred to the extent that they are brought against Accenture entities or are otherwise outside the scope of Plaintiff's charge of discrimination filed with the United States Equal Employment Opportunity Commission.

### FOURTH DEFENSE

Plaintiff's and/or the putative class members' claims are barred in whole or in part to the extent Plaintiff and/or the putative class members have failed to exhaust their administrative remedies.

16

## FIFTH DEFENSE

The claims of Plaintiff and each putative class member fail because Defendants' actions at all times, and in all manners, were in compliance with and as required by the laws of the United States and applicable state and local laws and regulations.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants promulgated firm policies against discrimination and otherwise exercised reasonable care to prevent and correct promptly any alleged discrimination.

## SEVENTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiff and/or the putative class members' claims are barred in whole or in part by the doctrine of after-acquired evidence and/or unclean hands.

## EIGHTH DEFENSE

Plaintiff and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class action.

## NINTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiff and any other purported similarly situated individual, and/or putative class members, were taken in good faith and on the belief that such conduct comported with applicable law.

12269189v.5

**TENTH DEFENSE**

Defendants are not liable as their employment decisions are based on facially neutral employment practices that do not have a disparate impact on African Americans or Latinos, and such employment practices are job-related and consistent with business necessity.

**ELEVENTH DEFENSE**

Defendants have established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices as required by law.

**TWELFTH DEFENSE**

Subject to proof through discovery, Plaintiff and/or the putative class members have failed to mitigate their damages.

**THIRTEENTH DEFENSE**

Plaintiff and/or the putative class members do not satisfy the requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure, and thus, this action cannot be maintained as a class action.

**FOURTEENTH DEFENSE**

Plaintiff's Rule 23 allegations should be stricken because they are so vague and imprecise that no ascertainable class is present.

**FIFTEENTH DEFENSE**

Some or all of the claims asserted and the relief requested in the Complaint are barred by the Constitution of the United States and/or the statutes and regulations under which Plaintiff's claims purportedly are asserted; and the prosecution of such claims as a class action, under the facts and circumstances of this case, would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution.

12269189v.5

## SIXTEENTH DEFENSE

The claims of Plaintiff and each putative class member are barred to the extent that there is/are currently other action(s) pending on the same claims.

## SEVENTEENTH DEFENSE

Defendants assert all affirmative and other defenses available to them under the precedent cited in the Complaint.

**WHEREFORE**, Defendants demand judgment against Plaintiff in its favor:

1.      denying Plaintiff's prayer to certify this case as a class action;

2.      dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

3.      awarding Defendants their costs and disbursements, including reasonable attorneys' fees incurred in this action; and

4.      granting Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 25, 2010

                              Respectfully submitted,

                              SEYFARTH SHAW LLP


                              By:   s/ Peter A. Walker
                                    Peter A. Walker (PW-7984)
                                    Alysa M. Barancik (AB-1272)
                                    Lori M. Meyers (LM-1913)
                                    620 Eighth Avenue
                                    New York, New York 10018
                                    Tel. (212) 218-5500

19

SCHOEMAN UPDIKE KAUFMAN & SCHARF

By:   s/ James R. DeVita
       James R. DeVita (JD-5659)
       60 East 42nd Street
       New York, New York  10165
       Tel. (212) 661-5030

       Attorneys for Defendants Accenture LLP,
       Accenture Inc., and Accenture LLC

20

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2010, I electronically filed the foregoing ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO CLASS ACTION COMPLAINT with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Adam T Klein**
**Ossai Miazad**
Outten & Golden,LLP
3 Park Avenue, 29th Floor
New York , NY 10016
212 245-1000
Email: atk@outtengolden.com
Email: omiazad@outtengolden.com

**Samuel Rand Miller**
Center for Constitutional Rights
666 Broadway, 7th Floor
New York , NY 10012
(212)-614-6427
Email: samrmiller@yahoo.com

*Attorneys for Plaintiff*

And, I hereby certify that on May 25, 2010,  I deposited a true copy of same enclosed in a post-paid envelope by U.S. first-class regular mail in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

**Audrey Jordan Wiggins**
**Sarah Crawford**
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., N.W.
Washington , DC 20005
Tel. (202) 662-8600

*Attorneys for Plaintiff*

_____s/ Peter A. Walker_____
Peter A. Walker (PW-7984)

12269189v.5