UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ROBERTO J. ARROYO, individually and   :
on behalf of all others similarly     :
situated,                             :
                                      :
                Plaintiffs,           :            10 Civ. 3013 (JSR)
                                      :
        -v-                           :
                                      :                ORDER
ACCENTURE, LLP; ACCENTURE INC.;       :
ACCENTURE LLC; and ACCENTURE LTD.,    :
                                      :
                Defendants.           :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        On June 14, 2010 the Court issued a case management plan in

the above-captioned case that set October 8, 2010 as date for the

close of discovery.  On August 16, 2010, the parties jointly called

Chambers to request an extension of the discovery cut-off date.  The

Court granted a 60-day extension and set December 8, 2010 as the new

date for the end of discovery, but specified that the Court would

grant "absolutely no further extensions."  The Court's instruction

notwithstanding, on November 12, 2010 counsel for the plaintiffs

requested a further extension of the discovery and briefing

schedules; counsel for the defendants took no position on the

application.  The Court agreed to grant a further 60-day extension

if, and only if, counsel sent a joint letter to Chambers agreeing not

to seek any further extensions on any ground whatsoever.  The Court

indicated that if counsel were unwilling to make this unequivocal

representation, the application would be denied.  Counsel for both

plaintiffs and defendants duly submitted a jointly-signed letter to Chambers on November 12, 2010 stating the following: "In recognition of the fact that this is a much longer extension than the Court normally grants, each party represents that it will not seek any further adjournment of any case management date on any ground whatsoever." Following receipt of this letter, the Court set February 24, 2011 as the new discovery cut-off date.

On February 23, 2011 counsel for the plaintiffs convened a joint conference call to Chambers to request yet another extension of the discovery and briefing schedule. Plaintiffs' counsel argued, inter alia, that he needed more time to ensure compliance with subpoenas sent to certain hiring agencies. Counsel for the defendants opposed the request. In light of the previous adjournments and counsel's representations, the Court denied plaintiffs' application to further extend the dates for discovery and motion practice. The Court ruled, however, that the parties could continue to engage in discovery up until April 20, 2011 -- the date before the final pretrial conference in this case -- as long as both sides recognized that any discovery obtained between February 24, 2011 and April 20, 2011 could be used only for the purposes of trial and not for any summary judgment practice. This Order confirms the Court's February 23, 2011 oral ruling, and clarifies that any discovery obtained after February 24, 2011 cannot be used for

2

briefing or argument on either summary judgment or class

certification.


        SO ORDERED.


                                                                JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
       March 7 , 2011

3